IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 93-7020
Conference Calendar

_____

KING FISHER MARINE SERVICE,

Plaintiff-Appellant,

versus

ROGELIO PEREZ, ETC.,

Defendant,

and

UNITED STATES OF AMERICA,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-G-91-267
- - - - - - - - - -
(March 22, 1994)

Before KING, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

King Fisher Marine Service, Inc. (KFMS) argues that the district court erred as a matter of law in holding that the Attorney General's certification of Perez' scope of employment is conclusive, in refusing to allow discovery on the issue, and in refusing to conduct an evidentiary hearing to determine the scope of employment issue. KFMS argues that 28 U.S.C. § 2679(d)(1) and (2) provide that the certification is conclusive for removal

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

purposes only and cites opinions from seven other circuit courts which have so held.

The Federal Tort Claims Act provides that federal employees acting within the course and scope of their employment are immune from liability. Mitchell v. Carlson, 896 F.2d 128, 130 (5th Cir. 1990). In Mitchell, this Court stated that "once the United States Attorney certifies that the federal employee acted within the scope of her employment, the plaintiff properly can proceed only against the United States as defendant." 896 F.2d at 133. This Circuit has held that the Attorney General's certification is conclusive on the issue of scope of employment. Id. at 131; Fenelon v. Duplessis, No. 92-3200 (5th Cir. Jun. 29, 1993) (unpublished; copy attached).

Even if seven other circuits have disagreed with this Circuit on this issue, this panel may not overrule previous panel decisions absent *en banc* reconsideration or a superseding contrary decision of the Supreme Court. Matter of Dyke, 943 F.2d 1435, 1441-42 (5th Cir. 1991).

AFFIRMED.